UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| In re: | Chapter 7 |
| **Baiysh Talas**, | Case No. 16-30226 |
| Debtor. | Hon. Deborah L. Thorne |

## COVER SHEET FOR AMENDED FIRST AND FINAL FEE APPLICATION OF DEBORAH K. EBNER AND THE LAW OFFICE OF WILLIAM J. FACTOR, LTD. FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | |
|---|---|
| Name of Applicant: | Deborah K. Ebner and The Law Offices of William J. Factor, Ltd. |
| Authorized to Provide Professional Services to: | Deborah K. Ebner, Chapter 7 Trustee for the estate of Bayish Talas. |
| Period for Which Compensation is Sought: | December 5, 2016 through July 17, 2018. |
| Amount of Fees Sought: | $13,462.50 |
| Amount of Expense Reimbursement Sought: | $137.48 |
| This is a: | Amended First and Final Application |

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $ 0.00 .

Dated: July 19, 2018                              DEBORAH K. EBNER AND THE LAW
                                                  OFFICE OF WILLIAM J. FACTOR, LTD.

                                                  By: */s/ Sara E. Lorber*
                                                  By: */s/ Deborah K. Ebner*

{00121327}                    1

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| In re: | Chapter 7 |
|---|---|
| **Baiysh Talas**, | Case No. 16-30226 |
| Debtor. | Hon. Deborah L. Thorne |

## NOTICE OF MOTION

**Please take notice** that on **July 26, 2018, at 10:00 a.m.**, the undersigned attorneys shall appear in Courtroom 613 of the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois before the Honorable Deborah L. Thorne, United States Bankruptcy Judge for the Northern District of Illinois, Eastern Division, and at that time and place shall present the **Amended First and Final Application of Deborah K. Ebner and The Law Office of William J. Factor, Ltd. for Compensation and Reimbursement of Expenses**, a copy of which is attached hereto and hereby served upon you.

Dated: July 19, 2018

**DEBORAH K. EBNER AND THE LAW OFFICE OF WILLIAM J. FACTOR, LTD.**

By: /s/ *Sara E. Lorber*

William J. Factor (6205675)
Sara E. Lorber (6229740)
Deborah K. Ebner, Of Counsel

**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 878-6976
Fax: (847) 574-8233
Email: slorber@wfactorlaw.com

{00121327}

## CERTIFICATE OF SERVICE

I, Sara E. Lorber, an attorney, hereby certify that, on July 19, 2018, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing Notice of Motion and the accompanying Application to be served (1) electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the appended Service List, and (2) on the other persons identified on the below Service by U.S. Mail.

/s/ Sara E. Lorber

### SERVICE LIST

**Registrants**
(Service via ECF)

| | |
|---|---|
| **Joseph R Doyle** | joe@bizardoylelaw.com, jim@bizardoylelaw.com; nicole@bizardoylelaw.com; craig@bizardoylelaw.com |
| **Ariane Holtschlag** | aholtschlag@wfactorlaw.com; bharlow@wfactorlaw.com; gsullivan@ecf.inforuptcy.com |
| **Deborah Kanner Ebner** | dkebner@debnertrustee.com IL53@ecfcbis.com; webmaster@debnertrustee.com; dkebner@debnertrustee.com; beckys@deborahebnerlaw.com; admin.assistant@debnertrustee.com |
| **Patrick S Layng** | USTPRegion11.ES.ECF@usdoj.gov |
| **Sara E Lorber** | slorber@wfactorlaw.com; slorber@ecf.inforuptcy.com; bharlow@wfactorlaw.com |

**Non-Registrants**
(Service via U.S. Mail)

ACL Laboratories
3000 N. Halsted St.
Chicago, IL 60657

Advocate Healthcare
11638 S. Western Ave.
Chicago, IL 60643

American Coradius International
2420 Sweet Home Rd., Suite 150
Buffalo, NY 14228

BBY/CBNA
PO Box 6497
Sioux Falls, SD 57117

{00121327} 2

| | |
|---|---|
| Bank of America<br>PO Box 982238<br>El Paso, TX 79998 | Cach, LLC<br>4500 Cherry Creek Dr. South, Suite 700<br>Denver, CO 80246 |
| Capital Management Services<br>726 Exchange St., Suite 700<br>Buffalo, NY 14210 | Cavalry Portfolio Services<br>PO Box 27288<br>Tempe, AZ 85285 |
| Citi<br>PO Box 6241<br>Sioux Falls, SD 57117 | Fed Loan Services<br>PO Box 60610<br>Harrisburg, PA 17106 |
| John Bonewicz<br>8001 N. Lincoln Ave., Suite 402<br>Skokie, IL 60777 | Mandarich Law Group, LLP<br>1 N. Dearborn, Suite 650<br>Chicago, IL 60602 |
| Midland Funding<br>2365 Northside Dr., Suite 30<br>San Diego, CA 92108 | Morton Grove Medical Imaging<br>6910 S. Madison St.<br>Willowbrook, IL 60527 |
| Northwestern Center for Orthopedics<br>680 N. Lakeshore Dr., Suite 830<br>Chicago, IL 60611 | Portfolio Recover Assoc.<br>287 Independence<br>Virginia Beach, VA 23462 |
| RIC Medical Services<br>345 E. Superior St.<br>Chicago, IL 60611 | Sallie Mae<br>300 Continental Dr.<br>Newark, DE 19713 |
| Southwest Credit Systems<br>4120 International Parkway<br>Carrollton, TX 75007 | Toyota Motor Credit<br>Toyota Financial Services<br>PO Box 8026<br>Cedar Rapids, IA 52408 |
| UIC<br>135 S. LaSalle St., Box 3293<br>Chicago, IL 60674 | Josephine Cullotta, Esq.<br>Cullotta Law Offices, PC<br>2624 Patriot Boulevard<br>Glenview, IL 60026 |
| American Honda Finance Corporation<br>National Bankruptcy Center<br>PO Box 168088<br>Irving, TX 75016-8088 | Brian T. Monico<br>BWMK<br>161 N. Clark St., Ste. 3250<br>Chicago, IL 60601 |
| Synchrony Bank<br>c/o Recovery Management Systems Corporation<br>25 SE 2nd Ave., Suite 1120<br>Miami, FL 33131 | Baiysh Talas<br>3710 Salem Walk<br>Apt. AG<br>Northbrook, IL 60062 |

{00121327}                                    3

Toyota Motor Credit Corporation
c/o Becket & Lee, LLP
PO Box 3001
Malvern, PA 19355-0701

Talisman Apartments
2580 Golf Rd
Glenview, IL 60025-4862

Sallie Mae
P.O. Box 3319
Wilmington, DE 19804-4319

PYOD, LLC its successors and assigns
as assi of Citibank, N.A.
Resurgent Capital Services
PO Box 19008
Greenville, SC 29602-9008

Cavalry SPV I, LLC
500 Summit Lake Drive, Ste 400
Valhalla, NY 10595-2321

Recovery Management Systems
Corporation
25 SE Second Avenue Suite 1120
Miami, FL 33131-1605

Northwestern Center for Orthopedics
1355 North Sandburg Terrace
Suite #508
Chicago, IL 60610-7964

U.S. Department of Education
C/O FedLoan Servicing
P.O. Box 69184
Harrisburg, PA  17106-9184

Synchrony Bank
c/o Recovery Management Systems
Corp.
25 S.E. 2nd Avenue, Suite 1120
Miami, FL 33131-1605

Portfolio Recovery Associates LLC
PO Box 41067
Norfolk, VA 23541-1067

Elnura Talas
2600 Golf Rd
Suite 800
Glenview, IL 60025-4749

American InfoSource LP as agent for T
Mobile/T-Mobile USA Inc
PO Box 248848
Oklahoma City, OK  73124-8848

American Honda Finance
PO Bor 168088
Irving, TX 75016-8088

{00121327}                              4

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Baiysh Talas**, | Case No. 16-30226 |
| Debtor. | Hon. Deborah L. Thorne |

### AMENDED FIRST AND FINAL APPLICATION OF DEBORAH K. EBNER AND THE LAW OFFICE OF WILLIAM J. FACTOR, LTD. FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

Deborah K. Ebner and The Law Office of William J. Factor, Ltd. (collectively, "**FactorLaw**"), counsel for Deborah K. Ebner, not individually, but as the chapter 7 trustee (the "**Trustee**") of the bankruptcy estate (the "**Estate**") of Bayish Talas (the "**Debtor**"), hereby submits this amended first and final fee application (the "**Amended Application**") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation totaling $13,462.50 for legal services performed by FactorLaw and reimbursement for expenses in the amount of $137.48, for the period of December 5, 2016, through and including July 17, 2018 (the "**Application Period**"). In support of its Application, FactorLaw states as follows:

### JURISDICTION

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "**Case**") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

{00121327}

## BACKGROUND

4. On September 22, 2016, the Debtor filed a voluntary petition for relief under chapter 7 of title 11, United States Code, 11 U.S.C. §§ 101, *ff.,* thereby initiating the Case.

5. The Trustee was duly appointed in the Case.

6. On December 20, 2016, this Court entered an order authorizing the Trustee to retain FactorLaw as her counsel effective as of December 5, 2016. *See* Dkt. 21.

### I. Settlement of Personal Injury Claims and subsequent assertion of claims by Cullotta.

7. Prior to the commencement of the Case, the Debtor possessed personal injury claims stemming from two separate auto collisions.

8. Brian T. Monico and the law firm of Burke Wise Morrissey & Kaveny (collectively, "**Burke Wise**") was retained by the Debtor prior to the petition date in connection with the personal injury claims. Pre-petition, the Cullotta Law Offices PC ("**Cullotta**") were co-counsel for the Debtor.

9. At meetings of creditors in this case, Debtor testified under oath that Burke Wise was his attorney and had Debtor's full authority to represent him in the State Court personal injury cases.

10. On December 22, 2016, the Trustee filed a motion Burke Wise as her special counsel to prosecute the personal injury claims, which was granted on January 3, 2017. *See* Dkt. No. 24.

11. Burke Wise, on behalf of the Estate, settled the Debtor's personal injury claims subject to Bankruptcy Court approval. At the 341 meeting, the Debtor testified that he approved of the settlement that Burke Wise obtained.

12. On July 12, 2017, the Trustee filed a motion for approval of a compromise of the Debtor's personal injury claims for a total of $95,000, and certain related relief, including the allowance of a contingency fee to Burke Wise and payment of certain medical liens (the "**Settlement Motion**"). *See* Dkt. No. 25.

{00121327}                                    2

13. At the time the Settlement Motion was filed, the Trustee's counsel was aware that Cullotta might assert a claim to some of the contingency fee, but believed that this was a matter to be resolved between Burke Wise and Cullotta pursuant to their contract. The Trustee therefore requested that the Court disallow any lien Cullotta might have against the Estate as part of the Settlement Motion. *See* Settlement Motion at ¶ 11. The Settlement Motion was granted on August 3, 2017. *See* Dkt. No. 30.

14. Unfortunately, Cullotta was not served with the Settlement Motion. The oversight was due to the fact that the Debtor had not included Cullotta as a creditor in his bankruptcy schedules, and this omission was not caught by counsel. *See* Debtor's Schedules at Dkt. No. 1.

15. However, prior to the filing of the Settlement Motion, Monico had advised Cullotta of the bankruptcy at the latest in January of 2017. Monico had also advised Cullotta to submit her expenses if they were to be paid in connection with the settlements. *See, e.g.*, January 17, 2017 Letter (**Exhibit A**). Cullotta, however, did not appear in the case or file a proof of claim.

16. In approximately October of 2017, FactorLaw was contacted by Cullotta regarding the settlement. She claimed that she had an attorneys' lien against the Estate, including for reimbursement of expenses. The Trustee requested proof of such expenses, but those were not provided. Therefore, in order to address Cullotta's claim, the Trustee filed a motion to establish a second bar date in the case. *See* Dkt. No. 34. The motion was granted on November 7, 2017, and a second bar date of December 28, 2017 was set. *See* Dkt. No. 37. Notice of the second bar date was served on Cullotta. *See* Dkt. No. 38.

17. Cullotta did not file a proof of claim by the second bar date. The Trustee thus determined to close the case, and the following were filed with the Court: (a) a motion to pay an additional administrative expense to Burke Wise was filed (the "**Expense Motion**"), (b) FactorLaw's First and Final Application for Compensation and Reimbursement of Expense ("**Original Application**"), (c) the Trustee's

application for compensation, and (d) the Trustee's Final Report. *See* Dkt. Nos. 47, 49, 48, 50, and 51.

18. Eventually, Cullotta filed a response to the Expense Motion in which she asked the Court to vacate the order approving the Settlement Motion and to award her expenses in the amount of $11,327.28, among other things. *See* Dkt. No. 60. Although it took further briefing and extensive negotiations, the Trustee, Cullotta and Burke Wise were able to reach a settlement of the expense claims against the Estate pursuant to which Burke Wise reduced it expense claim against the Estate by $1,455.61, Cullotta was allowed an expense claim in the amount of $9,458.93. An agreed order was entered on July 17, 2018. *See* Dkt. No. 77.

19. The Trustee believes that this resolution was in the best interest of the Estate. It would have cost the Estate far more in legal fees to litigate the disputes with Cullotta over whether its expense claim was secured by lien and the amount of the claim, and such litigation almost certainly have rendered the Estate administratively insolvent.

## II. The Amended Application and Voluntary Fee Reductions.

20. FactorLaw filed the Original Fee Application on April 4, 2018, covering the period of December 5, 2016 through March 7, 2018. The amount of compensation sought in the Original Application was $9,532.50. *See* Dkt. No. 49. There have been no objections to the Original Application.

21. Since the filing of the Original Application, FactorLaw incurred considerable additional fees in the Case, primarily relating to the Cullotta claim and related issues. However, to ensure that there is a distribution to unsecured creditors, the Amended Application reflects a voluntarily reduction in FactorLaw's fees for 13.20 hours of professional work to zero, for a total reduction of $4,257.50, including (a) Ms. Ebner is not seeking any compensation for legal services rendered to the Estate, (b) FactorLaw is not seeking any compensation relating to the motion to establish the second bar date, and (c) FactorLaw is not seeking compensation for

various other tasks performed, primarily relating to the Cullotta claim.[1] All of the voluntary reductions are reflected in the time entries contained **Group Exhibit B**, and designated as "NC."

## FEE APPLICATION

### I.   Services performed.

22.   This is FactorLaw's first and final interim application for compensation and reimbursement of fees and expenses incurred by FactorLaw during the Application Period.

23.   Such records for the Case, copies of which are attached hereto as **Group Exhibit B**, set forth in detail: (a) the services rendered by FactorLaw, (b) the dates upon which such services were rendered; (c) the amount of time spent on the services; and (d) the professionals who performed the services.

24.   FactorLaw worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was either a need for multiple attorneys' involvement, or the time of one of the attorneys was voluntarily written off.

   A. *Summary of services by professional.*

25.   The fees for services provided by FactorLaw during the Application Period are itemized by professional as follows:

---

[1] The voluntary reductions span the period covered by the Original Application and the additional time covered by the Amended Application. For this reason, the Trustee and FactorLaw believe it is more appropriate to amend the Original Application rather than supplement it.

| Professional | Title | Hourly Rate[2] | Total Hours | Value |
|---|---|---|---|---|
| Sara E. Lorber | Partner | $325/350/375/400 | 29.6 | $8,142.50 |
| Deborah K. Ebner | Of Counsel | $400 | 2.8 | $360.00 |
| Jeffrey K. Paulsen | Partner | $350 | 0.4 | $140.00 |
| Ariane Holtschlag | Associate | $275/325 | 6.4 | $1,330.00 |
| Julia D. Loper | Associate | $300 | 1.6 | $360.00 |
| Z. James Liu | Associate | $250 | 10.7 | $2,675.00 |
| Sam Rogers | Paralegal | $100 | 5 | $300.00 |
| Danielle Ranallo | Legal Assistant | $75/100 | 1.9 | $155.00 |
| | | **Totals:** | **58.4** | **$13,462.50** |

B. *Itemization of fees by category of services rendered.*

26. ***Case administration***. FactorLaw professionals spent 6.6 hours at a cost of $1,597.50 in connection with administration of the Case, including primarily: (a) preparing a notice of supplemental bar date, (b) communicating with creditors, (c) advising on the propriety of the Debtor's amended claim of exemption, and (d) conferring with the Trustee. This reflects a voluntary reduction of .1 hours of professional time.

27. A breakdown of the professionals providing Services in this category and the time spent by each professional is contained in **Exhibit B-1**, and are summarized as follows:

---

[2] In the ordinary course of FactorLaw's business and during the Application Period, the hourly rates of certain FactorLaw professionals have been increased. For each professional, all hourly rates applicable to the Application Period are listed herein.

{00121327}       6

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Sara E. Lorber | Partner | $325/350/375/400 | 0.2 | $32.50 |
| Deborah K. Ebner | Of Counsel | $400 | 0.2 | $80.00 |
| Ariane Holtschlag | Associate | $275 | 0.2 | $55.00 |
| Z. James Liu | Associate | $250 | 5.6 | $1,400.00 |
| Danielle Ranallo | Legal Assistant | $75/100 | 0.4 | $30.00 |
| | | Totals: | 6.6 | $1,597.50 |

28. ***Settlement of the Personal Injury Claims***. FactorLaw prepared a motion for approval of settlement, analyzed the merit of health care liens for determination by the Court, and set up a procedure for the determination of the potential attorney's lien of Special Counsel's former co-counsel. FactorLaw spent 12.2 hours at a cost of $2,692.50 in relation to the settlement of the personal injury claims. This reflects a voluntary reduction of 2 hours of professional time.

29. A breakdown of the professionals providing Services in this category and the time spent by each professional is contained in **Exhibit B-2**, and are summarized as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Sara E. Lorber | Partner | $325/350/375/400 | 5.8 | $1,890.00 |
| Ariane Holtschlag | Associate | $275 | 3.3 | $477.50 |
| Z. James Liu | Associate | $250 | 0.1 | $25.00 |
| Sam Rogers | Paralegal | $100 | 3 | $300.00 |
| | | **Totals:** | **12.2** | **$2,692.50** |

30. ***Professionals***. FactorLaw professionals spent 11 hours at a cost of $2,012.50 preparing applications to retain professionals in the case, the fee application and time detail for the Trustee's review, and ultimately for submission to this court. This reflects a voluntary reduction of 2.9 hours of professional time.

31. A breakdown of the professionals providing Services in this category and the time spent by each professional is contained in **Exhibit B-3**, and are summarized as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Sara E. Lorber | Partner | $325/350/375/400 | 3 | $105.00 |
| Ariane Holtschlag | Associate | $275 | 2.9 | $797.50 |
| Julia D. Loper | Associate | $300 | 1.4 | $360.00 |
| Z. James Liu | Associate | $250 | 2.7 | $675.00 |
| Danielle Ranallo | Legal Assistant | $75/100 | 1 | $75.00 |
| | | **Totals** | **11** | **$2,012.50** |

32. ***Cullotta Claim and Related Matters***. FactorLaw communicated extensively with Cullotta and Burke Wise regarding Cullotta's claim, prepared and prosecuted the motion to set a second bar date, analyzed Cullotta's claim and review materials provided by Cullotta, consulted with the Trustee regarding Cullotta's claim, prepared the response to Cullotta's court filing, attended multiple hearings on the matters raised by Cullotta and prepared the agreed order reflecting the resolution of the Cullotta claim. prepared a motion for approval of settlement. FactorLaw spent 28.6 hours at a cost of $7,160.00 in relation to the settlement of the personal injury claims. This reflects a voluntary reduction of 8.2 hours of professional time.

33. A breakdown of the professionals providing Services in this category and the time spent by each professional is contained in Exhibit B-4, and are summarized as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Sara E. Lorber | Partner | $325/350/375/400 | 20.6 | $6,115.00 |
| Deborah K. Ebner | Of Counsel | $400 | 2.6 | $280.00 |
| Jeffrey K. Paulsen | Partner | $350 | 0.4 | $140.00 |
| Z. James Liu | Associate | $250 | 2.3 | $575.00 |
| Sam Rogers | Paralegal | $100 | 2 | $0.00 |
| Danielle Ranallo | Legal Assistant | $75/100 | 0.5 | $50.00 |
| | | **Totals:** | **28.6** | **$7,160.00** |

II. **Expenses**.

34. FactorLaw incurred $199.27 in expenses in representing the Trustee, as follows:

| Date | Explanation | Amount |
|---|---|---|
| Jul 12, 2017 | Postage expense for service of motion to approve personal injury settlements and for related relief (including the approval of payment of contingency fee to special counsel) | $29.12 |
| Nov 15, 2017 | Postage expense for service of order and notice setting second bar date for filing proofs of claim | $12.42 |
| Dec 8, 2017 | Federal Express charge to send settlement check from Caitlin and Patrick Colleran to Deb Ebner for endorsement | $20.94 |
| Feb 1, 2018 | Court reporter expense for transcription of Bayish Talas 341 meeting | $75.00 |
| | **Total:** | **$137.48** |

35. FactorLaw does not bill its clients or seek compensation in this Application for its overhead expenses. The expenses listed above are actual out of pocket costs advanced by FactorLaw.

### III. FactorLaw's continued retention during Application Period was appropriate.

36. No agreement or understanding exists between FactorLaw and any other person for the sharing of compensation received or to be received regarding this Case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

37. No compensation has been promised to FactorLaw other than as disclosed or approved by this Court. FactorLaw certifies that there is no agreement between FactorLaw and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee.

38. Finally, FactorLaw represents that it is and remains a disinterested party and does not hold any relationship adverse to the Estate.

### BASIS FOR THE REQUESTED RELIEF

39. Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

{00121327}                                        10

40. In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

41. The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is strongly presumed to be the market rate for his or his services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), cert. denied, 532 U.S. 1066 (2001).

42. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*,157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

43. The average hourly billing rate for the attorneys who performed the Services—that is, the "lodestar" rate—is $230.52. This average rate is more than fair and reasonable considering the services provided and the experience of FactorLaw's professionals. In FactorLaw's opinion, this lodestar rate falls below what other comparably skilled practitioners in either non-bankruptcy or bankruptcy cases would charge for services comparable in nature and in quality.

## REQUEST FOR SHORTENED NOTICE

44. FactorLaw served this Application on all creditors as scheduled by the Debtor, any parties requesting notice via CM/ECF, the U.S. Trustee, the Debtor, and the Debtor's attorney.

45. Bankruptcy Rule 2002 requires that 21 days' notice by mail be given to all creditors of any application for compensation "unless the court for cause shown shortens the time or directs another method of giving notice." Fed. R. Bank. P. 2002(a)(2).

46. The Trustee requests that the Court shorten notice to eight days because so that it can be heard on previously-scheduled date set for Original Application and because all creditors had 21-days' notice of the Original Application, and there were no objections to the Original Application. Eight days is more than sufficient time for any interested party to review the Amended Application because it is largely duplicative of the Original Application.

**WHEREFORE**, FactorLaw respectfully requests that this Court enter an order:

    A. Finding that notice of the Amended Application was sufficient under the circumstances;

    B. Allowing and awarding on a final basis FactorLaw compensation for actual, necessary legal services in the amount of $13,462.50;

    C. Allowing reimbursement of expenses in the amount of $137.48;

    D. Authorizing the Trustee to pay FactorLaw the allowed fees and expenses as actual and necessary administrative expenses of the Estate; and

    E. Granting such other relief as the Court deems just and equitable.

Dated: July 19, 2018                     Respectfully submitted

                                         **DEBORAH K. EBNER AND
                                         THE LAW OFFICE OF WILLIAM J.
                                         FACTOR, LTD.**

                                         By: */s/ Sara E. Lorber*

William J. Factor (6205675)
Sara E. Lorber (6229740)
Deborah K. Ebner, Of Counsel
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 878-6976
Fax: (847) 574-8233
Email: slorber@wfactorlaw.com